■ SEYMOUR JOSEPH, Appellant, v AMREP CORPORATION, Respondent, et al., Defendants.—Order Supreme Court, New York County, entered August 16, 1977, denying defendant's motion to dismiss the complaint, unanimously affirmed, without costs or disbursements. Plaintiff instituted this shareholders derivative action alleging, *inter alia,* that to demand that the board of directors bring this action would be futile since the individual defendants, by virtue of their substantial holdings, control the corporation and its board of directors. It is urged by defendants in support of the motion to dismiss that they (except for Irving W. Blum) are no longer members of the board of directors, and therefore a demand should have been made of the new directors. However, there is no refutation in the moving papers of the fact that defendants still control the corporation and its board would be hostile to any request to bring suit. The allegation of *control* of the board of directors, unrefuted, constitutes sufficient compliance with subdivision (c) of section 626 of the Business Corporation Law to withstand a motion to dismiss the complaint *(Barr v Wackman,* 36 NY2d 371, 379). Concur— Lupiano, J. P., Birns, Evans and Lane, JJ.

■ JAMES P. BEGGANS, JR., Respondent, v NICHOLAS R. DOMAN et al., Appellants.—Order Supreme Court, New York County, entered June 21, 1977, denying plaintiff's and defendants' motions for summary judgment, unanimously modified, on the law, to the extent of granting summary judgment to the defendants on their counterclaim for $1,891.50 and the entry of the summary judgment held in abeyance pending the determination of the remaining cause of action for, *inter alia,* an accounting, and as so modified, affirmed, without costs and disbursements. The issue of whether the plaintiff was a partner or an employee of the law partnership cannot be resolved on this record and Special Term properly concluded that such factual issue must be resolved at trial. However, defendants are entitled to summary judgment with respect to their counterclaim for $1,891.50 based upon plaintiff's concededly having collected and retained said amount from firm clients. Plaintiff's admission that he did in fact collect and retain that sum eliminates any question of fact and permits the counterclaim to be decided in favor of defendants by way of summary judgment. Nevertheless, with a view that plaintiff may have a share of profits accorded to him on the plenary trial, defendants' judgment is stayed pending the determination of that trial. The issues are so intertwined as to require the temporary withholding of entry of judgment for defendants. Concur—Lupiano, J. P., Birns, Lane and Markewich, JJ.