■ ANTONIO J. SANCETTA, as Shareholder of NOPA REALTY CORPORATION, Respondent, v ANTON NOTEY, Appellant, et al., Defendant. — In a shareholder's derivative action for an accounting and money damages, defendant Anton Notey, M.D., appeals from an order of the Supreme Court, Nassau County (Spatt, J.), dated December 24, 1980, which granted plaintiff's motion for partial summary judgment. Order modified, by adding thereto a provision granting defendant Notey leave to conduct pretrial disclosure on the issue of plaintiff's compliance with subdivision (c) of section 626 of the Business Corporation Law. As so modified, order affirmed, without costs or disbursements. The disclosure shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by defendant Notey, or at such other time and place as the parties may agree. The notice shall be served within 10 days after service upon defendant Notey of a copy of the order to be made hereon, with notice of entry thereof, and shall be completed within six weeks thereafter. The trial shall be stayed for such period. The record clearly demonstrates that defendant Notey conceded his liability with respect to his obligation to repay the corporation for the cash value loan proceeds of certain life insurance policies owned by the corporation which he had appropriated to his own use. Since no question of fact remained as to this part of the plaintiff's cause of action, partial summary judgment was warranted (see CPLR 3212, subd [e]). Special Term's order granting an immediate trial as to the issue of damages and the plaintiff's compliance with subdivision (c) of section 626 of the Business Corporation Law was not error, as defendant Notey's affidavits in opposition to the motion for partial summary judgment raised an issue with respect to the sufficiency of the remainder of the complaint (see CPLR 3211, subd [a], par 7; 3212, subds [b], [c]; see, also, *Barr v Wackman,* 36 NY2d 371; *Joseph v Amrep Corp.,* 59 AD2d 841; cf. Siegel, NY Practice, § 282). An immediate trial with respect to plaintiff's compliance with subdivision (c) of section 626 is appropriate in this case for the expeditious disposition of the controversy (cf. CPLR 3212, subd [c]; Siegel, 1973 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1981-1982 Supp, C3212:22; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.14). However, as a resolution of this issue may depend on facts solely within the knowledge of the corporation, defendant Notey is entitled to conduct pretrial disclosure proceedings prior to the trial (see CPLR 3212, subd [f]). Disclosure should proceed in an expeditious manner so as to allow for an early commencement of the trial. We have considered the remaining arguments of defendant Notey and find them to be without merit. Lazer, J. P., Gibbons, Cohalan and Bracken, JJ., concur.